**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ATLANTIC CASUALTY INSURANCE
COMPANY,

                           Plaintiffs,                      **REPORT AND RECOMMENDATION**

    -against-                                     17-CV-5534 (DLI) (ST)

STONE & TILE INC., RAIZY KOLMAN,
DAVID KOLMAN, PATRICIA GALLINA,
LAZER MARBLE & GRANITE CORP.,
GRANITE REALTY CORP., LAZER
MECHLOVITZ and NACHMAN
MECHLOVITZ,

                           Defendant.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

      Plaintiff, Atlantic Casualty Insurance Company ("Atlantic") commenced this action seeking a declaratory judgment against Stone & Tile Inc. ("S&T"), Lazer Mechlovitz, Granite Realty Corp. ("Granite Realty"), and Raizy Kolman and David Kolman (collectively, the "Kolmans") that Atlantic does not owe insurance coverage to any claim arising out of the facts alleged in a personal injury action currently pending New York State court. *See* Compl., ECF No. 1[1]. Pending before this Court is Atlantic's Motion for Default Judgment against Granite Realty and the Kolmans (Pl.'s Mot for Default J., ECF No. 65), Atlantic's Motion for Summary Judgment against S&T and Lazer Mechlovitz (Pl.'s Mot. for Summ. J., ECF No. 66), and S&T and Lazer Mechlovitz's Cross-Motion for Summary against Atlantic. *See* Def.'s Motion for Summ. J., ECF

---

[1] The instant action originally included Patricia Gallina, Lazer Marble & Granite Corp., and Nachman Mechlovitz as defendants. The claims against these three defendants were dismissed by the Court at the premotion conference on June 26, 2019. *See* Minute Entry, 17-cv-5534 (E.D.N.Y. June 27, 2019).

no. 69. On November 20, 2019, the Honorable Dora L. Irizarry referred all the motions to me for a Report and Recommendation. *See* Orders, 17-cv-5534 (E.D.N.Y. Nov. 20, 2019).

For the reasons set forth below, the Court recommends that Atlantic's Motion for Summary Judgment and Motion for Default Judgement be GRANTED, and S&T and Lazer Mechlovitz's Motion for Summary Judgment be DENIED.

## BACKGROUND

I. Factual Background

The following facts are taken from the Complaint, and the parties' Local Civil Rule 56.1 statements[2], affidavits, and exhibits, where applicable. Unless otherwise noted, these facts are not in dispute. S&T is a New York corporation that cuts and installs marble and granite. *See* Pl.'s 56.1 Resp. ¶ 2, ECF No. 70-1; *see* Def.'s 56.1 ¶ 2, ECF No. 69-1. Defendants allege that Lazer Mechlovitz is the Chief Executive Officer of S&T. *See* Def.'s 56.1 ¶ 3, ECF No. 69-1; *see* Pl.'s 56.1 Resp. ¶ 3, ECF No 70-1. S&T is a named insured on a commercial general liability ("CGL") insurance policy bearing the number M035001866 (Pl.'s Mot. Summ. J., Ex. A (the "Policy"), ECF No. 66-4[3]), and carried by Atlantic. *See* Pl.'s 56.1 Resp. ¶ 1,7, ECF No. 7-1; *see* Def.'s 56.1 ¶ 1,7, ECF No. 69-1. At the center of this case is a disagreement about the Policy.

---

[2] S&T and Lazer Mechlovitz did not submit opposition papers conforming to Rule 56.1 in response to Atlantic's motion for summary judgment. *See generally,* Def.'s Mem. of Law in Opp'n, ECF No. 67. "The district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules and may opt to conduct an assiduous review of the record even when a party has not complied with Rule 56.1" *Hristova v. 3321 Astoria Inc.,* No. 17-CV-1633 (RER), 2018 WL 4006880, at *10 (E.D.N.Y. June 27, 2018) (internal citations and quotation marks omitted). "Indeed, the strong preference in the Second Circuit for deciding cases on their merits weighs in favor of conducting an independent review of the record in this case." *Id.* (internal citations and quotation marks omitted). Accordingly, this Court utilized all the admissible evidence at its disposal in deciding the instant motions.

[3] The Policy, ECF No. 66-4, contains 120 pages that are inconsistently numbered. For ease of reference, the Court will cite the page numbers assigned by ECF, rather than any internal page numbers.

*See* Policy, ECF No. 66-4.  Specifically, the parties dispute whether the terms of the Policy require coverage, indemnity, and defense for an accident alleged in the underlying action in New York State court (the "Kolman Action").

    a. <u>The Policy</u>

The Policy begins with the "Common Policy Declarations" which lists preliminary information applicable to the Policy, including the policy number and the name of the insured, S&T. *See* Policy at 5, ECF No. 66-4.  It also lists the policy period as May 18, 2016 to May 18, 2017. *Id.*  Item 4 of the "Common Policy Declarations" states that, "[f]orms and endorsements applicable to all Coverage Parts: [s]ee Schedule of Forms and Endorsements". *Id.*  The "Schedule of Forms and Endorsements" lists all the forms, endorsement numbers, and edition dates applicable to the Policy and included therein. *Id.* at 1-2.

One of those forms is entitled the "Commercial General Liability Coverage Part Declarations," which includes the "Limits of Insurance," the "Description of Business and Location of Premises," and the premium classifications for each location. *Id.* at 13.  The "Limits of Insurance" place a maximum amount of coverage per "occurrence," which it lists as $1,000.000.00. *Id.*  The "Description of Business and Location of Premises" lists five addresses, the first of which, "LOC#1," is 1061 61st Street, Brooklyn, NY 11210 ("1601 61st Street"). *Id.*  Thereafter, the premium classifications for each location are listed. *Id.*  "LOC#1" is insured under the classifications "Stone Cutting or Polishing," "Carpentry – Interior," and "Tile, Stone, Marble, Mosaic or Terrazzo Work-Interior Construction." *See* Policy at 13-14, ECF No. 66-4.  Notably, 1071 61st Street, Brooklyn, NY 11210 ("1071 61st Street") is not listed. *See id.*  Also included under the premium classifications is "Additional Insured-Owners, Lessees or Contrac [sic]." Policy at 14, ECF No. 66-4.

The next form is entitled "Commercial General Liability Coverage Form." *Id.* at 16. As relevant here, Section I (1) of this form states that:

> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> > (1) The "bodily injury" or "property damages" is caused by an "occurrence" that takes place in the "coverage territory".

*Id.* at 16. Section V defines some of the terms relevant here:

> (4) "Coverage territory" means:
>
> > (a) The United States of America (including its territories and possessions), Puerto Rico and Canada;
>
> (6) "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document;
>
> (13) "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*Id.* at 26.

Further along, is a page entitled "Limitation of Coverage to Designated Premises or Project" ("Designated Premises Endorsement"). At the top of that page is the text, in all capital letters, "this endorsement changes the policy. please read it carefully." *Id*. Below the title, it states "[t]his endorsement modifies insurance provided under the … Commercial General Liability Coverage Part". *Id.* It states:

> This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:
>
> (1) The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises.

*Id.* The premises listed on the "Schedule" are "as shown on ACD-GL 1." *Id.* "ACD-GL 1" refers to the "Commercial General Liability Coverage Part Declarations," discussed earlier. *Id.* at 13. That includes 1061 61st Street. *Id.*

The Policy also limits coverage to the specific premium classifications applied to each location listed on the "Commercial General Liability Coverage Part Declarations". *Id.* at 46. Specifically, the "Classification Limitation" states:

> This insurance does not apply to and no duty to defend is provided for "bodily injury," "property damages," "personal and advertising injury" or medical payments unless the insured can demonstrate the "bodily injury," "property damages," "personal and advertising injury" or medical payments arise out of the classification(s) shown on the Commercial General Liability Declarations, its endorsements or supplements. The Parties agree the definition(s) used for the classification(s) in the policy are those defined and maintained by the Insurance Services Office (ISO).

*Id*. at 46. Finally, "Where there is no coverage under this policy, there is no duty to defend any insured." *Id*. at 51.

      b.  <u>The Kolman Action</u>

On November 16, 2016, Raizy Kolman allegedly visited S&T at 1061 61st Street and was injured when she slipped and fell inside of a garage nearby. *See* Pl.'s 56.1 Resp. ¶ 5, ECF No. 7-1; *see* Def.'s 56.1 ¶ 5, ECF No. 69-1. The garage's address is 1071 61st Avenue, and is owned by Granite Realty Corp (Pl.'s 56.1 ¶ 17, ECF No. 66-1; *see* Def.'s Mem. of Law in Opp'n, ECF No. 67; *see* Compl. ¶ 19.), but S&T alleges that it utilized the space to store sample materials. Def.'s 56.1 ¶ 17, ECF No. 69-1; *see* Pl.'s 56.1 Resp. ¶ 17, ECF No. 70-1.

On January 18, 2017, Raizy Kolman, along with her husband David Kolman (collectively, the "Kolmans"), filed a civil action in state court (the "Kolman Action") against Patricia Gallina, Salvatore Basile, Lazer Marble & Granite Corp., Granite Realty, Lazer Mechlovitz, and Nachman Mechlovitz for "serious injuries" sustained by Raizy Kolman at "1061-1065 61st Street." *See* Notice of Occurrence, ECF No. 70-12; *see* Pl.'s 56.1 Resp ¶ 19-20, ECF No 70-1; *see* Def.'s 56.1 ¶ 19-20, ECF No. 69-1.  On May 8, 2017, by way of an amended complaint, Salvatore Basile was removed from the Kolman Action and S&T was added. *See* Kolman Complaint, ECF No. 70-12; *see* Pl.'s Mot. Summ. J., Ex N ("Amended Kolman Complaint"), ECF No. 66-19.

The Amended Kolman Complaint alleges that Raizy Kolman suffered "serious injuries" at "1061-1065 61st Street" leading to an inability to perform her "normal activities and duties" and depriving her spouse David Kolman of the "society, services and consortium" to which he contends he was entitled. *Id.*  Further, it alleges that all of defendants named therein are affiliated with 1061-1065 61st Street, Brooklyn, NY, and therefore responsible for the operation, management, control, maintenance, and repairs thereof. *See see* Pl.'s 56.1 Resp ¶ 19-20, ECF No 70-1; *see* Def.'s 56.1 ¶ 19-20, ECF No. 69-1; *see* Am. Kolman Complaint, ECF No. 66-19.  S&T notified Atlantic of the suit on February 13, 2017, by way of a notice of occurrence and email sent by Lazer Mechlovitz. *See* Notice of Occurrence, ECF No. 70-12.

Raizy Kolman was deposed on October 19, 2018. *See* Pl.'s Mot. Summ. J., Ex. P ("Kolman Dep."), ECF No. 66-21.  At that deposition, Mrs. Kolman was shown a photograph of 61st Street, which included a series of three attached buildings, each with their own garage door. *See id* at 52:12-24; *see* Pl.'s Mot. Summ. J., Ex. Q ("Building Photo"), ECF No. 66-22.  S&T maintains a location in the left-most building in the Building Photo, 1061 61st Street. *See* Def.'s

Mem. of Law in Opp'n at 1, ECF No. 67.  Mrs. Kolman stated that the alleged accident occurred in the right-most building in the Building Photo, 1071 61st Street, and marked the Building Photo accordingly. *See* Kolman Dep. at 53:4-54:25; *see* Building Photo; *see See* Pl.'s 56.1 at ¶ 12,16, ECF No. 66-1.

    c. <u>The Instant Action</u>

On September 20, 2017, Atlantic brought this suit against S&T, the Kolmans, Patricia Gallina, Lazer Marble & Granite Corp., Granite Realty, Lazer Mechlovitz, and Nachman Mechlovitz, seeking a declaratory judgment that they do not owe any insurance coverage, defense, or indemnification to any person or entity for any claim arising out of the Kolman Action. Compl. ¶ 89(A), ECF No. 1.  The claims against Patricia Gallina, Lazer Marble & Granite Corp., and Nachman Mechlovitz, were dismissed by the District Court at the pre-motion conference on June 26, 2019. See Minute Entry, 17-cv-5534 (E.D.N.Y. June 27, 2019); *see* Tr. Pre-Mot. Conference, 17-cv-5534 (E.D.N.Y. Aug. 22, 2019), ECF No. 59.  Neither Granite Realty nor the Kolmans have appeared or otherwise answered the Complaint, thus the Clerk of the Court entered a Certificate of Default against them.[4]  Clerk's Entry of Default, ECF No. 15.

On November 13, 2019, Atlantic filed two motions: a Motion for Default Judgment against Granite Realty and the Kolmans (*see* Pl's. Mot. Default J., ECF No. 65), and a Motion for Summary Judgement against S&T and Lazer Mechlovitz (*see* Pl.'s Mot. Summ. J., ECF No. 66).  Atlantic moves for summary judgment on the grounds that it has no obligation to indemnify or defend S&T in the Kolman Action because the claims arise out of an accident that allegedly

---

[4] The Certificate of Default was entered on November 17, 2017, and originally included Granite Realty, the Kolmans, S&T, and Lazer Mechlovitz.  On February 15, 2018, S&T and Lazer Mechlovitz moved to vacate their default, which was thereafter granted by the District Court. *See* Order, 17-cv-5534 (E.D.N.Y. Mar. 6, 2018).

occurred outside of the covered location and premium classification listed in the Policy. Pl.'s Mot. Summ. J., Mem. of Law at 1, ECF No. 66-2. Accordingly, Atlantic also argues that because it owes no coverage to S&T, it also owes no coverage to Lazer Mechlovitz either as an executive officer of S&T or a separately named insured, which he is not. *Id.* at 2.

S&T and Lazer Mechlovitz filed a Cross-Motion for Summary Judgment against Atlantic on November 14, 2019. *See* Def.'s Mot. Summ. J., ECF No. 69. In it, they argue that language of the Policy entitles them to coverage because the accident occurred within the United States and arose out of business operations necessary or incidental to 1601 61st Street. *See* Def.'s Mot. Summ. J., Mem. of Law at 3-5, ECF No. 69-2. Therefore, they contend, because S&T is covered, so too is Lazer Mechlovitz as an additional insured by virtue of his position as an executive officer.

The Honorable Dora L. Irizarry referred the Motion and Cross-Motion for Summary Judgment, and the Motion for Default Judgment to this Court to issue a Report and Recommendation on November 20, 2019. *See* Orders, 17-cv-5534 (E.D.N.Y. Nov. 20, 2019).

## DISCUSSION

I.   <u>Declaratory Judgment</u>

As a threshold matter, "[a] court may consider whether to enter a declaratory judgment only if the action presents an actual case or controversy that is real and immediate, allowing specific and conclusive relief and is ripe for adjudication." *Northfield Ins. Co. v. ABC Constr. & Home Improvement, Inc.*, No. 19-CV-195 PKC SMG, 2020 WL 2616306, at *3 (E.D.N.Y. May 4, 2020), *report and recommendation adopted*, No. 19-CV-195 PKC RML, 2020 WL 2616214 (E.D.N.Y. May 22, 2020) (citing *U.S. Underwriters Ins. Co. v. Kum Gang, Inc.*, 443 F. Supp. 2d 348, 352 (E.D.N.Y. 2006) (internal quotation marks and citations omitted); *see also Max*

*Specialty Ins. Co. v. WSG Invs., LLC,* No. 09-CV-5237 CBA JMA, 2012 WL 3150579, at *4 (E.D.N.Y. Apr. 20, 2012), *report and recommendation adopted*, No. 09-CV-05237 CBA JMA, 2012 WL 3150577 (E.D.N.Y. Aug. 2, 2012) ("[a] district court may, in its discretion, enter a judgment declaring the 'rights and legal relations' of parties") (quoting 28 U.S.C. § 2201(a)). Moreover, "[i]n cases where the declaratory judgment may interfere with a state court action already filed, a court should not order a judgment if it will interfere with an orderly and comprehensive disposition of the litigation in state court." *Max Specialty Ins. Co.*, 2012 WL 3150579, at *4 (internal quotation marks and citations omitted).

In the Kolman Action, the Kolmans sued Patricia Gallina, S&T, Lazer Marble & Granite Corp., Granite Realty, Lazer Mechlovitz, and Nachman Mechlovitz . *See* Am. Kolman Complaint, ECF No. 66-19.  While Atlantic is currently providing a defense for S&T and Lazer Mechlovitz (s*ee* Pl.'s 56.1 at 25, ECF No. 66-1), Atlantic is not a party to the Kolman Action (*see* Amended Kolman Complaint, ECF No. 66-19) and "thus cannot litigate its obligations there." *Max Specialty*, 2012 WL 3150579, at *4.  Therefore, Atlantic's declaratory judgment action, both within the context of its motion for summary judgement and its motion for default judgment, is properly adjudicated by the District Court. *See Northfield Ins. Co. v. Cibor Const., Inc.*, 2015 WL 5560871, at *4 (E.D.N.Y. July 23, 2015), *report and recommendation adopted*, 2015 WL 5567067 (E.D.N.Y. Sept. 21, 2015).

II. Jurisdiction

This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1332(a).  The parties are completely diverse, and the amount in controversy— the $1,000,000.00 per occurrence limit —well exceeds the $75,000.00 statutory threshold. *See* Compl. ¶¶ 1-7, ECF No. 1; *see* Answer by S&T and Lazer Mechlovitz, ECF No. 26; *see also Amica Mut. Ins. Co. v. Levine*, 7 F. Supp.

3d 182, 187 (D. Conn. 2014) ("[I]f the 'substance of the declaratory judgment action seeks to determine the validity of an insurance policy, then the policy limit is the amount in controversy.'") (citation omitted).

Furthermore, this Court has personal jurisdiction over the Defendants, as they are all either residents or corporations of New York. *See* Compl. ¶¶ 1-7, ECF No. 1; *see* Answer by S&T and Lazer Mechlovitz, ECF No. 26. Adjudication of this matter is, therefore, appropriate.

III. Motions for Summary Judgment

    a. Summary Judgement Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once "such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

A "fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" and an "issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Anderson*, 477 U.S. at 248). "'Summary judgment is not a substitute for a trial,' and so if 'the evidence admits of competing permissible inferences with regard to whether a plaintiff is entitled to relief,' summary judgment should be denied." *Anderson News, L.L.C. v. Am. Media, Inc.*, 899 F.3d 87, 98 (2d Cir. 2018) (quoting *In re Publ'n Paper Antitrust Litig.*, 690 F.3d 51, 61 (2d Cir. 2012) (brackets omitted)), *cert. denied*, 139 S. Ct. 1375, 203 L. Ed. 2d 609 (2019).

When determining whether a genuine issue of fact exists on summary judgment, "'the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted); *accord Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). Nonetheless, a "party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," because mere "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks and citation omitted). If a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,]" then the Court must enter summary judgment. *Celotex*, 477 U.S. at 322.

    b. <u>Analysis</u>

The material facts in this case are not in dispute. *Compare* Pl.'s 56.1, ECF No. 66-1, *and* Pl.'s 56.1 Resp., ECF No. 70-1, *with* Def.'s Mem. of Law in Opp'n, ECF No. 67, *and* Def.'s 56.1, ECF No. 69-1. This case turns on whether the Policy provides coverage for the claims underlying the Kolman Action. As relevant to S&T, Atlantic argues for a strict reading of the Policy, denying coverage on two main grounds. Pl.'s Mot. Summ. J., Mem. of Law at 1, ECF No. 66-2. First, the alleged accident occurred at 1071 61st Street, which is neither explicitly covered by the Policy, nor the operations necessary or incidental to the covered location, 1061 61st Street. Pl.'s Mot. Summ. J., Mem. of Law at 1, ECF No. 66-2. Second, the Policy only provides coverage for specific classifications of work at 1061 61st Street, and Mrs. Kolman's alleged injuries did not arise from any of them. *Id.* In opposition, S&T argues for a much broader reading of the Policy. Specifically, they contend that the Policy covers Mrs. Kolman's alleged injuries because they arose both out of the business operations necessary or incidental to

1601 61st Street, and from the classifications pertaining thereto. *See generally* Def.'s Mem. of Law in Opp'n, ECF No. 67.

"Under New York law, insurance policies are interpreted as contracts," *Abner, Herrman & Brock, Inc. v. Great N. Ins. Co.*, 308 F. Supp. 2d 331, 335–36 (S.D.N.Y. 2004) (citing *Vill. of Sylvan Beach v. Travelers Indem. Co.,* 55 F.3d 114, 115 (2d Cir.1995)), and "the interpretation of a contract 'is a matter of law for the court to decide'" *Atl. Cas. Ins. Co. v. Torres Custom Framing Corp.*, No. 14-CV-5306 SJF ARL, 2015 WL 6738880, at *3 (E.D.N.Y. Nov. 4, 2015) (quoting *Int'l Multifoods Corp. v. Comm. Union Ins. Co.,* 309 F.3d 76, 83 (2d Cir.2002)). "Construction of an insurance policy is governed by the rules of construction applicable to contracts generally" and "an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." *Torres Custom Framing Corp.*, 2015 WL 6738880, at *3 (citation and internal quotation marks omitted). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning." *Atl. Cas. Ins. Co. v. DTM Carpentry Corp.,* No. 18-CV-3508 SFJ ARL, 2020 WL 92001, at *6 (E.D.N.Y. Jan. 8, 2020) (quoting *White v. Continental Cas. Co.*, 9 N.Y.3d 264, 848 N.Y.S.2d 603, 878 N.E.2d 1019, 1021 (2007)).

"Exclusions in policies of insurance must be read *seriatim,* not cumulatively, and if any one exclusion applies there can be no coverage since no one exclusion can be regarded as inconsistent with another." *Transportation Ins. Co. v. AARK Const. Grp., Ltd.*, 526 F. Supp. 2d 350, 356 (E.D.N.Y. 2007) (citing *Ruge v. Utica First Ins. Co.,* 32 A.D.3d 424 (2d Dep't 2006) (internal quotation marks and citations omitted). "When an insurer seeks to invoke an exclusionary clause in a contract to disclaim coverage, it has the burden of demonstrating that the exclusion applies in clear and unmistakable language, which is subject to no other reasonable

interpretation." *Torres Custom Framing Corp.*, 2015 WL 6738880, at *3 (internal citation and quotation marks omitted). "[W]here the terms of an insurance contract unambiguously bar a claim of coverage, including defense or indemnification, that plain meaning will control, making summary judgment appropriate." *DTM Carpentry Corp.,* 2020 WL 92001, at *6 (quoting *Netherlands Ins. Co. v. U.S. Underwriters Ins. Co.*, No. 14-cv-3568, 2015 WL 9295745, at *3 (S.D.N.Y. Dec. 17, 2015)) (citing *Green Harbour Homeowners' Ass'n, Inc. v. Chicago Title Ins. Co.*, 74 A.D.3d 1655, 1658 (3d Dep't 2010)) ("Where, as here, an insurance policy's unambiguous terms demonstrate that the policy does not cover the claimed loss, summary judgment is appropriate").

The Designated Premises Endorsement of the Policy, as relevant here, limits coverage "to 'bodily injury' … and medical expenses arising out of … [t]he ownership, maintenance or use of [1061 61st Street] and operations necessary or incidental to those premises." *Id.* at 35. There is no dispute that Mrs. Kolman's alleged injuries did not occur at 1061 61st Street, but rather at 1071 61st Street, which S&T refers to as an attached garage. S&T argues that the Policy should nonetheless apply because it provides coverage "where such 'operations' are 'necessary or incidental' to business activity at [1061 61st Street]." Def.'s Mem. of Law in Opp'n at 7, ECF No. 67. However, S&T misapprehends the text of the Policy, which states that coverage applies to "operations necessary or incidental *to those premises*," not the business activity therein. *See id.* at 35. In fact, courts have routinely found that this exact language from the Policy does not cover the business activity of a location. *See Illinois Union Ins. Co. v. Midwood Lumber & Millwork, Inc.*, No. 13-CV-2466 ARR JO, 2014 WL 639420 (E.D.N.Y. Feb. 18, 2014) ("…the clear language of the Policy limits coverage to operations that are "necessary or incidental" to the premises themselves"); *see Accessories Biz, Inc. v. Linda & Jay Keane, Inc.,* 533 F. Supp. 2d

- 13 -

381 (S.D.N.Y. 2008) ("[t]he Designated Premises Endorsement is clearly a premises liability policy … [e]xpanding the coverage to include business-related activity occurring off-premises would significantly increase the insurer's risk to cover an exposure which was not intended and for which it did not receive a premium); *see Ten Seventy One Home Corp. v. Liberty Mut. Fire Ins. Co.,* No. 07 CIV. 11211 (DLC), 2008 WL 2464187, at *4 (S.D.N.Y. June 18, 2008) (refusing to extend insurance coverage to a location "not listed on the schedule of insured premises, is nowhere in the vicinity of the insured premises, and whose only relationship with the insured premises is business-related in nature"); *cf. DeForte v. Allstate Ins. Co.*, 81 A.D.2d 465 (1981) (coverage applied to multiple injuries caused by insured guard dog because the policy included a clause for "all operations necessary or incidental to the business of the Named Insured conducted at or from the insured premises..."); *see also AMCC Corp. v. Illinois Nat. Ins. Co.*, 12 A.D.3d 151 (2004) (explaining that the specific language of the policy in *DeForte* "allowed for coverage of off-premises occurrences"); *see also Seneca Ins. Co., Inc. v. Cimran Co., Inc.,* 936 N.Y.S.2d 182 (App.Div.2013) (finding that a construction accident on the fourth floor was not covered where, at the time that the insurance policy was entered into, the subject designated premises was a single-floor structure).

The cases cited by S&T in which courts have found that coverage exists based on the "necessary or incidental" rationale are distinguishable from the case at bar. In *New York Convention Ctr. Operating Corp. v. Morris Cerullo World Evangelism, Inc.*, the New York Appellate Division, First Department, found that an injury sustained in the entrance to the Jacob K. Javits Convention Center was covered because "[a] person coming to attend [the] conference had to go through an entranceway to the Javits Center in order to reach the conference." 269 A.D.2d 275, 276-277(2000). Similarly, in *ZKZ Assocs. LP v. CNA Ins. Co.*, an accident that

occurred on the sidewalk outside of the insured garage was covered because "vehicles seeking to use the garage must necessarily have crossed a portion of the sidewalk in order to enter and depart from the facility" which was expressly listed in the policy. 224 A.D.2d 174, 176, (1996), *aff'd*, 89 N.Y.2d 990, (1997).  In both cases, the injured parties could not have been present at the covered locations without necessarily or incidentally using the entranceway and sidewalk, respectively; that is simply not the case here.  1071 61st Street is a separate building, which is not necessary or incidental to the premises of 1061 61st Street.  Simply because S&T purportedly stores stone samples there does not create a scenario wherein it was required that Mrs. Kolman be in 1071 61st Street to avail herself of 1061 61st Street.  To find otherwise would be to theoretically allow S&T to claim coverage at any location within the coverage territory where an injury occurs, and its stone samples happen to be present. *See Illinois Union Ins. Co.*, 2014 WL 639420, at *8 ("Such coverage territory language does not extend coverage to business related activities anywhere in the United States but merely indicates that the Policy applies to any scheduled premises or operations necessary or incidental to those premises, no matter where in the United States such premises exist") (internal citation and quotation marks omitted).

The language in the Policy is unambiguous and effectively created a premises liability policy which limited coverage to 1061 61st Street and operations necessary or incidental thereto. *See id.* at *7 (citing *Accessories Biz, Inc.,* 533 F. Supp. 2d 381).  There is therefore no genuine issue of material fact that, under the plain language of the Designated Premises Endorsement, the alleged injuries sustained by Mrs. Kolman at 1071 61st Street are not covered under the Policy. And "[w]here there is no coverage under [the Policy], there is no duty to defend any insured," in this case, S&T and Lazer mechlovitz. *See* Policy at 51, ECF No. 66-4.

Therefore, this Court respectfully recommends that Atlantic's Motion for Summary Judgment be granted in its entirety, and S&T and Lazer Mechlovitz's Cross-Motion for Summary Judgment be denied.[5]

IV. <u>Motion for Default Judgment</u>

    a. <u>Default Judgement Standard</u>

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that

---

[5] Having determined that Atlantic is entitled to summary judgement based on the plain language of the Designated Premises Endorsement, the Court need not examine Atlantic's second argument that Mrs. Kolman's alleged injuries do not arise out of any of the classifications found in the Policy's Classification Limitation. *See* Policy at 13-14,46, ECF No. 66-4; *see Transportation Ins. Co.,* 526 F. Supp. 2d 350, 356 (E.D.N.Y. 2007).

the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

In addition to, or in lieu of, damages and costs, courts are empowered to grant declaratory relief following default. *Continental Ins. Co. v. Huff Enters. Inc.*, 2009 WL 3756630, at *3 (E.D.N.Y. Nov. 6, 2009). However, the "plaintiff must ... establish that on the law it is entitled to the relief it requests, given the facts as established by the default." *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009) (citation omitted).

      b. <u>Analysis</u>

It is manifest from the record that Granite Realty and the Kolmans have defaulted. Atlantic served Granite Realty via the New York Secretary of State on September 28, 2017. *See* Decl. of Debra M. Krebs in Supp. of Req. for Certificate of Default ("Krebs Decl."), Ex. B, Aff. of Service, ECF No. 14-1. On October 2, 2017, Atlantic served the Kolmans by personally serving Raizy Kolman with copies of the Summons and Complaint for both her and her husband, David Kolman. *See id.*, Ex C-D, ECF No. 14-1. Granite Realty and the Kolmans have nevertheless failed to answer the Complaint or to otherwise respond, and the time to do so has long since expired. *See* Fed. R. Civ. P. 12(a). The Clerk of the Court, therefore, properly entered a certificate of default against them. *See* Clerk's Entry of Default, ECF No. 15.

As discussed, *supra*, Atlantic has shown that the Policy does not provide coverage for Mrs. Kolman's alleged injuries on Granite Realty's property. According to plain language of the Designated Premises Endorsement, the Policy is limited to 1061 61st Street and operations

necessary or incidental thereto. *See Illinois Union Ins. Co.*, 2014 WL 639420, at *7 (citing *Accessories Biz, Inc.,* 533 F. Supp. 2d 381). Therefore, the injuries allegedly sustained by Mrs. Kolman at 1071 61st Street, a property owned by Granite Realty, are not covered.

Atlantic has also adequately shown that it is entitled to the relief of declaratory judgment against Granite Realty and the Kolmans. Atlantic is involved in the Kolman Action, insofar as it is providing a defense for S&T and Lazer Mechlovitz as the insurance carrier for S&T. However, Atlantic is not a named party to the Kolman Action, so it is unable to litigate the issue of whether it owes coverage to any of the parties who are named. Given this, a declaratory judgment is appropriate to clarify Plaintiff's legal obligations. *See Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, 196 F. Supp. 2d 378, 384 (S.D.N.Y. 2002) (quoting *Md. Cas. Co. v. Rosen*, 445 F.2d 1012, 1014 (2d Cir. 1971)).

Therefore, this Court respectfully recommends that Atlantic's Motion for Default Judgment against Granite Realty and the Kolmans be granted in its entirety.

## CONCLUSION

For the reasons set forth above, the Court recommends that Atlantic's Motion for Summary Judgment and Motion for Default Judgement be GRANTED, and S&T and Lazer Mechlovitz's Motion for Summary Judgment be DENIED.

Atlantic is ordered to serve a copy of this Report and Recommendation on the defaulting parties, Granite Realty and the Kolmans, at their last known address and file proof of service within three business days.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and

Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Responses to any objections shall be due fourteen (14) days from service of the objection. *See* Fed. R. Civ. P. 72(b)(2).

**SO ORDERED.**

                                            /s/
                                    Steven L. Tiscione
                                    United States Magistrate Judge
                                    Eastern District of New York

Dated: Brooklyn, New York
        August 26, 2021